OPINION
PER CURIAM.
In March 2009, Appellant Wanda Gass filed a pro se complaint in the District Court against New Jersey Division of Youth and Family Services (“DYFS”) caseworkers, attorneys from the New Jersey Attorney General’s and Public Defender’s offices, and a New Jersey Superior Court judge. The complaint, alleging that the defendants conspired to harass her and keep her separated from two minors whom she claimed are her children, sought $500,000 in damages. Although the complaint did not name DYFS as a defendant, the summons was addressed to, and apparently served upon, that entity.
After obtaining a court-ordered extension of time to respond to the complaint, DYFS moved to dismiss pursuant to Fed. R.Civ.P. 12(b)(6). On September 3, 2009, the District Court entered an order granting the motion. The court, construing the action as proceeding under 42 U.S.C. § 1983,[1] held that the complaint violated Fed.R.Civ.P. 8(a)’s pleading requirements because it “provides defendants with no indication of which constitutional rights they have allegedly violated.” (Dist. Ct. Op. at 5.) The court concluded that amending the complaint would be futile, as Gass could not recover money damages against DYFS or the named defendants. The court noted that, to the extent Gass sought to challenge New Jersey state court orders regarding custody of the two minors, the Rooker-Feldman doctrine barred any such *316 claim. Moreover, the court stated that the Anti-Injunction Act, 28 U.S.C. § 2283, barred it from intervening in state court proceedings. Gass now appeals from the District Court’s judgment.[2]
For substantially the reasons set forth in the District Court’s thorough and cogent opinion, we find no error in the court’s decision granting DYFS’s motion to dismiss. Contrary to Gass’s assertion, the District Court did not base its decision on “undocumented statements” or hearsay. Her remaining arguments fail as well.[3] Accordingly, we will affirm the District Court’s judgment. Gass’s motion to expand the record is denied.

. The court, noting that Gass had seemingly attempted to proceed pursuant to several criminal statutes (18 U.S.C. §§ 241, 242, and 245), concluded that § 1983 was "the proper vehicle for bringing her civil constitutional violation claims.” (Dist. Ct. Op. at 2 n. 2.)

. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s decision granting DYFS's motion to dismiss. See AT & T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 530 (3d Cir.2006).

. Gass has not shown that the District Court abused its discretion in granting DYFS's motion for an extension of time to respond to her complaint. See Planned Parenthood of Cent. N.J. v. Att’y Gen. of N.J., 297 F.3d 253, 259 (3d Cir.2002).